Herbert KAUFMAN, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 71–1358.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1971.

Decided Nov. 29, 1971.

Allen L. Schwait, Baltimore, Md. (Marvin J. Garbis, and Garbis & Schwait, Baltimore, Md., on brief), for appellant.

Mary J. McGinn, Atty., Tax Div., Dept. of Justice (Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks and Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.

PER CURIAM:

The taxpayer and the Commissioner have been involved in protracted litigation over several years. The items in question in the Tax Court proceedings which gave rise to this appeal were involved in tax deficiencies for the years 1950 through 1954. After an earlier decision of the Tax Court in which it had valued these and other items, the taxpayer appealed to this court. We upheld the Tax Court on most of the points in issue but directed it to revalue certain installment land sale contracts and certain hypothecations involved in the taxpayer's real estate transactions. Kaufman v. Commissioner of Internal Revenue, 4 Cir., 372 F.2d 789. The Tax Court has determined the "fair market value" of these two items, and the taxpayer is now contesting that determination. He claims that he should have been provided with the assistance of counsel and that the value placed on the hypothecations is based on insufficient evidence.

The taxpayer was represented by retained counsel in almost all the proceedings involved in this and other litigation, including this appeal and the earlier one. In the Tax Court proceeding from which this appeal is taken, however, the taxpayer moved to have his attorneys withdrawn from the case saying he could no longer pay their fees because of the seizure of his properties under tax liens. His attorneys contested this motion, noting that they had earlier suggested to the taxpayer that he might

be able to get a court order releasing some of his assets in order to pay attorneys' fees. The Tax Court granted the taxpayer's motion to have his counsel withdrawn, and he proceeded without counsel.

The taxpayer argues that the Tax Court should have appointed counsel to represent him. He claims that his right to have counsel provided for him in this civil tax case should be recognized because his interests in this litigation are as vital as those of many defendants in criminal actions. Noting that no court has held that there is a right to appointed counsel in all civil cases, the taxpayer says that even if we do not go that far we should recognize the right here because the government has sued him and then made it impossible for him to hire counsel by seizing all his assets.

We need not consider the general question of the right to counsel in civil cases. The facts involved in this case simply do not support the taxpayer's claim that he was denied his right to counsel or to due process because he lacked the funds to engage attorneys to represent him. The taxpayer never requested that counsel be appointed. After seeking the withdrawal of his privately retained counsel, he repeatedly sought the release of some of his assets, purportedly to engage other lawyers to represent him, but he never asked that counsel be appointed. He claims that he was impecunious as a result of the seizure of his assets, but he never filed an affidavit of indigency, and was arrested while carrying $70,000 in cashiers checks payable to himself. At the same time he was apparently represented by retained counsel in other suits. All of the predicates of his present contention, therefore, are absent. He made no request for the appointment of counsel. He filed no affidavit of indigency, and his informal claim that he was deprived of access to all of his assets is belied by the discovery of the $70,000 cash hoard.

The taxpayer, focusing on the supplemental record, also claims that the Tax Court lacked sufficient evidence to determine the "fair market value" of the hypothecations. It was entitled to look at the entire record, however, which we find sufficient to support the findings.

Affirmed.